IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS LAURO, | ) | CIV. NO. 12-00637 DKW-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART PLAINTIFF'S |
| vs. | ) | ATTORNEYS' MOTION TO |
| | ) | WITHDRAW AS COUNSEL FOR |
| STATE OF HAWAII, ET AL., | ) | PLAINTIFF THOMAS LAURO |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ATTORNEYS' MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF THOMAS LAURO**

Before the Court is Michael Jay Green, Earl I. Anzai, Maria Ann Carmichael, and Glenn H. Uesugi's Motion to Withdraw as Counsel for Plaintiff Thomas Lauro  (hereinafter "Counsel's Motion to Withdraw").  (Doc. 137.)  These matters came on for hearing on August 10, 2015.  (Doc. 158.)  Plaintiff appeared at the hearing by phone.  (Id.)  Also appearing were Plaintiff's Counsel Michael Jay Green, Earl I. Anzai, and Glenn H. Uesugi (collectively, "Counsel"); Counsel Maria Ann Carmichael did not appear.  (Id.)  Appearing on behalf of Defendants were Dennis K. Ferm, Malia E. Schreck, and Kathy K. Higham.  (Id.)  The Court heard Counsel's Motion to Withdraw out of the presence of Counsel for

1

Defendants, under seal. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court hereby GRANTS IN PART AND DENIES IN PART Counsel's Motion to Withdraw, for the reasons set forth below.

## BACKGROUND FACTS

On November 7, 2012, Plaintiff Thomas Lauro ("Plaintiff"), also known as Thomas Reyes, filed a Complaint in State Court against Defendants State of Hawaii ("State"), Department of Public Safety, Halawa Correctional Facility, Waiawa Correctional Facility, and various health care providers employed by the State (collectively, "Defendants"). (See generally, Doc. 1-1.) On November 29, 2012, Defendants removed the case to this Court. (Doc. 1.) Nearly two years later, on August 29, 2014, Plaintiff filed an Amended Complaint alleging the following causes of action: (1) Negligence/Medical Negligence or Malpractice; (2) Respondeat Superior; (3) Breach of Warranties; (4) Breach of Duty to Provide Access to Health Care; (5) Breach of Duty to Establish Procedures to Ensure a Safe and Sanitary Environment; (6) Negligent and/or Intentional Infliction of Emotional Distress; (7) Lack of Informed Consent; (8) Punitive/Exemplary Damages; (9) Deliberate Indifference; (10) Gross Negligence; (11) Negligent Hiring, Supervision, Training and Retention by State Defendants; and (12) Retaliation. (Doc. 84-1.) Plaintiff's claims stem from Defendants' alleged failure

to properly diagnose and treat Plaintiff's medical condition while Plaintiff was housed as an inmate in the State's facilities, which resulted in serious and life-long complications for Plaintiff.

On July 29, 2015, Plaintiff's Counsel filed their Motion to Withdraw, which is currently pending before the Court. (Doc. 137.) Michael Jay Green and Earl I. Anzai seek to withdraw on the grounds that

> (1) counsel is having to take positions and/or pursue objectives that counsel considers impossible, repugnant or impudent, and (2) counsel's representation has been rendered unreasonably difficult and/or impossible by client's conduct and (3) movants can no longer provide effective counsel for Plaintiff.

(Doc. 137 at 2.) Counsel Glenn H. Uesugi moves to withdraw, in addition to the above stated reasons, on the basis that:

> [Uesugi] specifically told Plaintiff that he was making special appearances in this case only, that he did not make a formal written appearance, nor did he make an appearance in court . . . on behalf of Plaintiff and that Plaintiff does not object to [his] withdrawal.

(Id.) Uesugi states that a majority of his involvement in Plaintiff's case was to prepare for Plaintiff's parole hearing, which occurred in July 2015, and that he has not made an appearance in this case. (Id. at 3.) Counsel Maria Ann Carmichael moves to withdraw on the basis that "she took a position as in house counsel for a company and can no longer actively participate in this case." (Id.)

Defendants do not oppose Counsel's Motion to Withdraw. (See Docs. 146, 149, 152.) On August 6, 2015, Plaintiff filed his opposition to Counsel's

Motion to Withdraw. (Doc. 154.) In relevant part, Plaintiff argues that Counsel's sole reason for seeking to withdraw from his case, twelve weeks before trial, is due to Plaintiff's refusal to accept what he believes is Defendants' unreasonable offer to settle. (Doc. 154 at 2-3.) Plaintiff also maintains that if Counsel is allowed to withdraw, he will be left with "astronomical legal costs and fees of which no other attorney will be willing to assume or accept if he/she takes this case only 12 weeks before trial," and thus, Plaintiff would effectively be left without the assistance of counsel in this case. (Id.)

This matter came on for hearing on August 10, 2015. (Doc. 158.) For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Counsel's Motion to Withdraw. The Motion is GRANTED with respect to Counsel Maria Ann Carmichael and DENIED as to Michael Jay Green, Earl I. Anzai, and Glenn H. Uesugi.

### DISCUSSION

Local Rule 83.6(b) provides, in relevant part, that "[n]o attorney will be permitted to be substituted as attorney of record in any pending action without leave of court. An attorney who has appeared in a case may seek to withdraw on motion showing good cause." In determining whether there is good cause for withdrawal, courts have considered whether the client is cooperative and willing to assist the attorney in the case. Christian v. Frank, Civ. No. 04-00743 DAE-LEK,

2011 WL 801966, at *1 (D. Haw. 2011) (citing United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993) (stating that denying a motion to withdraw is not an abuse of discretion unless there is a conflict of interest or irreconcilable conflict between the attorney and the client that is so severe that it results in a complete lack of communication preventing an adequate defense)). Even where good cause exists, however, other factors take precedence. Christian, 2011 WL 801966, at *1 (citation omitted). For example, this Court may consider the extent to which withdrawal will disrupt the case; how long the case has been pending; the financial burden the client will face in finding new counsel; prejudice to other parties; and whether withdrawal will harm the administration of justice. Finazzo v. Hawaiian Airlines, Civ. No. 05-00525 JMS-LEK, 2007 WL 1201694, at *4 (D. Haw. 2007) (citations omitted).

With regard to Maria Ann Carmichael (Ms. Carmichael), the Court finds good cause for her withdrawal. Ms. Carmichael is no longer in private practice, and therefore, she no longer has the ability to actively represent Plaintiff in this matter. Moreover, Plaintiff stated at the hearing on Counsel's Motion to Withdraw that he does not object to Ms. Carmichael's withdrawal from this case. Accordingly, for good cause shown, the Court hereby GRANTS Counsel's Motion to Withdraw as it relates to Ms. Carmichael.

With regard to Counsel Michael Jay Green ("Mr. Green") and Earl I.

Anzai ("Mr. Anzai"), the Court finds that the principle difference between Plaintiff and Counsel is regarding how to resolve this case in terms of settlement. Attorneys have an ethical obligation to put forth their best efforts to zealously represent their clients, regardless of any difference in opinion regarding settlement. The Court finds that Plaintiff has a serious and complicated medical malpractice case, which may have merit, and this matter has been pending for nearly three years. The Court further notes that Plaintiff has a contingency fee agreement with Counsel, and therefore, there is nothing to suggest that Plaintiff will be unable to pay Counsel's fees or that Counsel will otherwise be prejudiced by the continued representation. On the other hand, if Counsel is allowed to withdraw from this case, a mere twelve weeks from trial, Plaintiff will face great financial difficulty in finding replacement counsel, which is very likely to disrupt the case from proceeding. Moreover, Plaintiff stated at the hearing that he is willing to cooperate and work with Counsel in this matter. Accordingly, the Court is not convinced that there is a breakdown in the attorney client relationship such that would warrant Counsel's withdrawal. Instead, if Counsel's Motion is granted, the Court finds that withdrawal will seriously harm the administration of justice in this case. Therefore, in the interest of justice and for the reasons discussed above, the Court hereby DENIES Counsel's Motion to Withdraw as it relates to Mr. Green and Mr. Anzai.

Lastly, with regard to Glenn H. Uesugi ("Mr. Uesugi"), the Court notes that Mr. Uesugi has not filed a Notice of Appearance in this case. Nevertheless, Mr. Uesugi has made multiple special appearances in this matter on behalf of Plaintiff, and has represented to the Court that he is assisting Mr. Green in this matter. Mr. Uesugi further admitted that he participated in Plaintiff's deposition, met with Plaintiff multiple times, and assisted Plaintiff at his parole hearing. The Court also notes that Mr. Uesugi participated in a Settlement Conference in this case, on behalf of Plaintiff, before this Court. (See Doc. 148.) Accordingly, for the same reasons stated above as to Mr. Green and Mr. Anzai, the Court hereby DENIES WITHOUT PREJUDICE Counsel's Motion to Withdraw as it relates to Mr. Uesugi.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Attorneys' Motion to Withdraw as Counsel.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 14, 2015.

  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Lauro v. State of Hawaii, et al., Civ. No. 12-00637 DKW-BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ATTORNEYS' MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF THOMAS LAURO.