IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THOMAS LAURO,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII, et al.,<br><br>        Defendants. | CIVIL NO. 12-00637 DKW-BMK<br><br>**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ATTORNEYS' MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF THOMAS LAURO** |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ATTORNEYS' MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF THOMAS LAURO**

On July 29, 2015, after representing Plaintiff Thomas Lauro for nearly two years, Plaintiff's counsel, Michael Jay Green, Earl I. Anzai, Maria Ann Carmichael, and Glenn H. Uesugi, filed a Motion to Withdraw as Counsel for Plaintiff ("Counsel's Motion to Withdraw"). Dkt. No. 137. The magistrate judge heard the motion [Dkt. No. 158] and subsequently issued an order granting in part and denying in part Counsel's Motion to Withdraw. Dkt. No. 169. The magistrate judge granted the motion with respect to Ms. Carmichael, and denied the motion

with respect to Mr. Green, Mr. Anzai, and Mr. Uesugi (collectively referred to as "Counsel"). Dkt. No. 169 at 4.

Before the Court is Counsel's appeal from the magistrate judge's order. Dkt. No. 159. The matter came on for hearing on August 17, 2015. Dkt. No. 170. Because the magistrate judge's decision to deny in relevant part Counsel's Motion to Withdraw was neither clearly erroneous nor contrary to law, the magistrate judge's order is affirmed.

## BACKGROUND

This case originated nearly three years ago when Plaintiff filed a Complaint in State Court on November 7, 2012 against Defendants State of Hawaii ("State"), Department of Public Safety, Halawa Correctional Facility, Waiawa Correctional Facility, and various health care providers employed by the State (collectively, "Defendants"). *See* Dkt. No. 1-1. On November 29, 2012, Defendants removed this case to federal court. Dkt. No. 1.

On December 2, 2013, Mr. Green and Mr. Anzai entered their appearance as counsel of record for Plaintiff after Plaintiff's prior counsel withdrew. Dkt. No. 60. On August 29, 2014, Plaintiff filed an Amended Complaint, alleging twelve causes of action. Dkt. No. 84-1. Plaintiff's claims stem from Defendants' alleged failure to properly diagnose and treat Plaintiff's medical condition while he was

housed as an inmate in the State's facilities, resulting in serious and life-long complications for Plaintiff.

On July 29, 2015, Plaintiff's Counsel filed their Motion to Withdraw. Dkt. No. 137. On August 10, 2015, the magistrate judge held a hearing on the matter. Dkt. No. 158. After the magistrate judge denied Counsel's request to withdraw, Counsel appealed. Dkt. No. 159. In their written submission to this Court, Mr. Green and Mr. Anzai move to withdraw on the grounds that:

> (1) counsel is having to take positions and/or pursue objectives that counsel considers impossible, repugnant or impudent, and (2) counsel's representation has been rendered unreasonably difficult and/or impossible by client's conduct and (3) movants can no longer provide effective counsel for Plaintiff.

Dkt. No. 159 at 2-3.

Mr. Uesugi moves to withdraw for the same reasons as those cited by Mr. Green and Mr. Anzai. In addition, Mr. Uesugi asserts that:

> [H]e specifically told Plaintiff that he was making special appearances in this case only, that he did not make a formal written appearance, nor did he make an appearance in court before the Judge or Magistrate on behalf of Plaintiff and that Plaintiff does not object to Mr. Uesugi's withdrawal. Mr. Uesugi and Mr. Uesugi's legal assistant spent the bulk of their time preparing for [Plaintiff's] parole hearing which occurred on July 20, 2015.

Dkt. No. 159 at 3.

At the August 17, 2015 hearing on the appeal before this Court, Mr. Green stated that Counsel sought to withdraw on the additional basis that it appears

Plaintiff is accusing Counsel of malpractice, and Counsel thus have an ethical obligation to withdraw. The Court then asked defense counsel to step out of the courtroom and conducted the hearing on this particular matter outside of their presence.

On August 18, 2015, Mr. Anzai submitted a supplemental declaration in support of Counsel's appeal of the magistrate judge's order. Dkt. No. 172. In his declaration, Mr. Anzai claims that in Plaintiff's Memorandum in Opposition to Counsel's Motion to Withdraw [Dkt. No. 154], "Plaintiff accuses [Counsel] of legal malpractice twenty times in paragraphs 2, 3, 4, 9, 10, 12, 13, 14, 16, 18, 19, 21, 22, 26, 27, 28, 29, 30, 31, and 33." Dkt. No. 172 at 2. Mr. Anzai cited two cases, *Whiting v. Lacara*, 187 F.3d 317 (2d Cir. 1999), and *City of Joliet v. Mid-City Nat'l Bank of Chicago*, 998 F. Supp. 2d 689, 693 (N.D. Ill. 2014), as examples of "instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." Dkt. No. 172 at 3.

On August 20, 2015, the Court received Plaintiff's supplemental brief, in which Plaintiff reiterates that he continues to oppose Counsel's withdrawal.

## STANDARD OF REVIEW

Pursuant to Local Rule 74.1, any party may appeal from a magistrate judge's order determining a non-dispositive pretrial matter. The standard applicable to an

appeal of a magistrate judge's non-dispositive ruling is highly deferential. The district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. *See* L.R. 74.1; *see also* 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a). The district judge may also reconsider sua sponte any matter determined by a magistrate judge. *See* L.R. 74.1.

The magistrate judge's ruling is "clearly erroneous" only if, after reviewing the entire record, this Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Silverman*, 861 F.2d 571, 576–77 (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008).

## DISCUSSION

### I. Standard for Withdrawal

Local Rule 83.6(b) provides, in relevant part, that "[n]o attorney will be permitted to be substituted as attorney of record in any pending action without leave of court. An attorney who has appeared in a case may seek to withdraw on

5

motion showing good cause." The magistrate judge correctly pointed out that a number of factors are considered in determining whether there is good cause for withdrawal, including whether the client is cooperative and willing to assist the attorney in the case. *See* Dkt. No. 169 at 4-5 (citing *Christian v. Frank*, Civ. No. 04-00743 DAE-LEK, 2011 WL 801966, at *1 (D. Haw. Feb. 10, 2011) (citing *United States v. Cole*, 988 F.2d 681, 683 (7th Cir. 1993) (stating that denying a motion to withdraw is not an abuse of discretion unless there is a conflict of interest or irreconcilable conflict between the attorney and the client that is so severe that it results in a complete lack of communication preventing an adequate defense)). The magistrate judge also correctly pointed out that even where good cause exists, other factors should also be considered:

> For example, this Court may consider the extent to which withdrawal will disrupt the case; how long the case has been pending; the financial burden the client will face in finding new counsel; prejudice to other parties; and whether withdrawal will harm the administration of justice.

Dkt. No. 169 at 5 (citing *Finazzo v. Hawaiian Airlines*, Civ. No. 05-00515 JMS-LEK, 2007 WL 1201694, at *4 (D. Haw. 2007) (citations omitted)).

In *Lacara*, one of the cases cited by Counsel, the court acknowledged other factors, including whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Lacara*, 187 F.3d at 320 (brackets and citation omitted). The court also recognized, however, that "there are some instances in

6

which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." *Id.* at 321. The court held that withdrawal must be permitted where "[the client's] desire both to dictate legal strategies to his counsel and to sue counsel if those strategies are not followed" places the attorney in an "impossible situation." *Id.* at 322. Because the client in that case believed that he could dictate how his lawyer handled his case, even if those directives violated the law or applicable rules, and could sue the lawyer if they were not followed, "a functional conflict of interest" was created. *Id.* at 323.

## II.  **Application of Standard**

### A.  **Conflict of Interest**

The Court first addresses Counsel's contention that they should be permitted, if not required, to withdraw because Plaintiff has been suggesting that they committed legal malpractice, or alternatively, that a legal malpractice suit may be forthcoming. In support of this contention, Mr. Anzai claims that Plaintiff accuses Counsel 20 times in his opposition brief of legal malpractice. Counsel appears to suggest that a functional conflict of interest has been created by virtue of Plaintiff's allegations. While there is clearly some tension between Counsel and Plaintiff, and disagreements have arisen regarding strategy, there is no actual or even functional conflict of interest that would prohibit representation under the

applicable Hawaiʻi Rules of Professional Conduct ("HRPC").  *See* HRPC Rule 1.7 (relating to conflict of interest).

     First, the Court notes that Mr. Anzai's representation that Plaintiff accuses Counsel of legal malpractice 20 times in his opposition brief overstates reality. Many of the paragraphs that Mr. Anzai cites do not come close to Plaintiff alleging any concrete legal malpractice claim.  To be sure, the terms "legal malpractice," "legal negligence," and "conflict of interest" do appear in Plaintiff's opposition brief and his supplemental brief.  However, these references to "legal malpractice," "legal negligence," and "conflict of interest" must be viewed in the context in which Plaintiff, a non-lawyer, uses them.  For example, the first paragraph of Plaintiff's supplemental brief provides:

> Plaintiffs statements regarding his own attorneys legal negligence in this federal civil case are not something he just thought up and stated without any legal merit.  A severely injured client's life threatening medical conditions and medical negligence/deliberate indifference to his serious medical needs should not be overlooked or dismissed by his own counsel because his counsel failed to properly prepare for trial and wants to withdraw from this case because I will not accept the States offer to settle for <u>$[amount redacted] of which $[amount redacted] is owed to Ahuna Esq.</u>

(Emphasis in original).  If the first sentence of this paragraph was read in isolation, one may suspect that Plaintiff was alleging legal malpractice against Counsel.  In the context of the entire paragraph, however, it becomes clear that Plaintiff is not making such an allegation.  Rather, Plaintiff is opposed to his Counsel's attempt to

withdraw after Plaintiff rejected the State's settlement offer, and it is Plaintiff's belief that his Counsel seeks to withdraw because they do not want to take his case to trial. Put another way, Plaintiff's use of the term "legal negligence" is an expression of his opposition to his Counsel's desire to withdraw merely because he believes they do not want to take the case to trial. That is an oft-repeated theme throughout Plaintiff's briefs. He clearly believes that leaving him in the lurch, without representation, weeks prior to trial after representing him for two years, and almost immediately on the heels of his rejection of Defendants' settlement offer, would amount to "legal negligence" on the part of Counsel. It is even more apparent that Plaintiff is not alleging malpractice in the ordinary sense, as virtually every time he mentions it, Plaintiff expresses concern regarding Counsel's preparation for trial. It would be difficult to imagine, however, how a malpractice claim arising out of a failure to prepare for trial could lie when trial is more than three months away, and much preparation time remains.

Second, the record does not reveal that there is a functional conflict here of the sort mentioned in *Lacara*. For instance, there is no evidence that Plaintiff is attempting to dictate legal strategies to counsel, which if not followed, would result in a malpractice action. Plaintiff is also not demanding that Counsel take positions that would violate the law or subject Counsel to sanctions. For instance, one example cited by Counsel as demonstrating strategic conflict is Plaintiff's

9

complaint regarding the submission of a mediation/settlement conference statement that both included a paragraph regarding his criminal history that he did not wish to include, and failing to include a complete itemization of his costs that he felt would illustrate the insufficiency of Defendants' settlement offer. While this example certainly describes a disagreement, it is far from evident that Plaintiff is attempting to dictate strategic decisions to counsel, much less that he is threatening legal action if they fail to adhere to his wishes.

After careful consideration of the record, including the August 10 and 17, 2015 hearings, at which time both the magistrate judge and this Court, respectively, inquired about these alleged conflicts,[1] the Court is not convinced that either an actual or functional conflict of interest exists that would mandate withdrawal.

### B. Remaining Considerations

The Court next addresses whether the magistrate judge erred in rejecting the other reasons relied on by Counsel in seeking withdrawal. The Court concludes that the magistrate judge's decision was not "clearly erroneous" after considering the relevant factors.

---

[1] Because the magistrate judge sealed the transcript of the August 10, 2015 hearing, and this Court similarly excused defense counsel from the courtroom during the relevant portion of the August 17, 2015 hearing, the Court refrains from quoting the exact exchanges at those hearings.

The magistrate judge denied Mr. Green and Mr. Anzai's motion to withdraw because he deemed that the "princip[al] difference between Plaintiff and Counsel is regarding how to resolve this case in terms of settlement." Dkt. No. 169 at 6. After reviewing the record, the Court agrees with this assessment. Mr. Green and Mr. Anzai represented Plaintiff for nearly two years and did not seek to withdraw until Plaintiff declined the State's most recent settlement offer, three months prior to the date trial was to commence. As such, the timing and circumstances surrounding Mr. Green and Mr. Anzai's attempts to withdraw support the magistrate judge's conclusion that their differences related to settlement. As the magistrate judge correctly pointed out: "Attorneys have an ethical obligation to put forth their best efforts to zealously represent their clients, regardless of any differences in opinion regarding settlement." Dkt. No. 169 at 6. Indeed, counsel surely recognize that final settlement decisions belong to the client, and that, without more, withdrawal cannot be permitted when a client simply exercises that discretion contrary to the recommendation of counsel.

It is apparent that communications between Plaintiff and Counsel are strained. Despite the difficulties that Counsel may be experiencing in communicating with Plaintiff, the Court finds that other relevant factors weigh heavily against permitting Counsel to withdraw at this late date. The Court agrees, for instance, with the magistrate judge's following assessment:

> The Court finds that Plaintiff has a serious and complicated medical malpractice case, which may have merit, and this matter has been pending for nearly three years. The Court further notes that Plaintiff has a contingency fee agreement with Counsel, and therefore, there is nothing to suggest that Plaintiff will be unable to pay Counsel's fees or that Counsel will otherwise be prejudiced by the continued representation. On the other hand, if Counsel is allowed to withdraw from this case, a mere twelve weeks from trial, Plaintiff will face great financial difficulty in finding replacement counsel, which is very likely to disrupt the case from proceeding. Moreover, Plaintiff stated at the hearing that he is willing to cooperate and work with Counsel in this matter. Accordingly, the Court is not convinced that there is a breakdown in the attorney client relationship such that would warrant Counsel's withdrawal. Instead, if Counsel's Motion is granted, the Court finds that withdrawal will seriously harm the administration of justice in this case.

Dkt. No. 169 at 6.

In addition to the foregoing reasons, the Court also finds that permitting withdrawal would seriously jeopardize Plaintiff's ability to prosecute his case. *See Lacara*, 187 F.3d at 320. Plaintiff would have a difficult, if not impossible, time to find replacement counsel at this late date. Indeed, new counsel is unlikely to be able to prepare this complicated medical malpractice case in time for the December 14, 2015 trial and would likely condition acceptance of the representation on a continuance. Even if the Court were to entertain a continuance,[2] it would not be without significant and undue prejudice to Plaintiff, who has waited several years

---

[2] On August 17, 2015, at the request, and with the concurrence, of all counsel, the Court approved a brief continuance of the trial date. This resulted in a postponement of the November 2, 2015 trial date to December 14, 2015.

for his day in court and, as he has represented in his briefs, suffered and continues to suffer serious medical issues without the financial means to address them.[3]

## CONCLUSION

The Court hereby AFFIRMS the magistrate judge's order denying in relevant part Counsel's Motion to Withdraw.

IT IS SO ORDERED.

DATED: August 24, 2015 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

Lauro v. State of Hawaii, et al.; CV 12-00637 DKW-BMK; ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ATTORNEYS' MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF THOMAS LAURO

---

[3] The Court understands the difficulties that Counsel is having in working with Plaintiff. However, the Court notes that as the second set of attorneys in this case, Counsel had notice that Plaintiff might be a challenging client. *See Lacara*, 187 F.3d at 321 (the district court's observation that "as the third attorney in this case, Lacara had ample notice that appellee was a difficult client" is an appropriate consideration in the withdrawal analysis).