IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THOMAS LAURO,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII, et al.,<br><br>    Defendants. | CIVIL NO. 12-00637 DKW-BMK<br><br>**ORDER DISMISSING CASE** |

### ORDER DISMISSING CASE

This case before the Court has been pending for over three years, with trial set to begin on December 14, 2015.  Despite the imminence of trial, Plaintiff Thomas Lauro has largely absented himself from pretrial proceedings and trial preparation, and ignored specific Court orders and instructions directed to him personally, impeding the orderly administration of justice.  Having considered the five factors that bear on the propriety of dismissal, and acknowledging the severity of the sanction, the Court nonetheless concludes that dismissal is the appropriate sanction under the circumstances.  Accordingly, the Court DISMISSES this case for the reasons set forth below.

# BACKGROUND

I. **Relevant Pretrial Proceedings**

At a hearing on August 17, 2015, the Court briefly continued the trial date from November 2, 2015 to December 14, 2015 upon the request, and with the concurrence, of all counsel. Dkt. No. 170. The Court observed at that time that the case had been pending for nearly three years, and that no further continuance of the trial would be entertained.

On November 10, 2015, the Magistrate Judge held a final pretrial conference. Dkt. No. 214. Mr. Lauro did not participate in the final pretrial conference. According to defense counsel's pretrial statement, Mr. Lauro had been incarcerated at Halawa Correctional Facility, but "[t]he most recent parole was granted on August 20, 2015. On September 29, 2015, [Mr. Lauro] left his parole residence without authority and remains absent in violation of his parole." Dkt. No. 213 at 8.

II. **Plaintiff's Repeated Willful Violations of Court Orders**[1]

On November 13, 2015, Plaintiff's counsel filed a renewed Motion to Withdraw as Counsel ("Motion to Withdraw" [Dkt. No. 218]) and a Motion to Continue Trial Date and Extend Rule 16 Scheduling Order Deadlines ("Motion to Continue" [Dkt. No. 220]). After agreeing to expedite consideration of these

---

[1] Although this order focuses on Mr. Lauro's most recent violations of Court orders, the Court notes that Mr. Lauro's non-compliance with Court orders has been a continuous pattern throughout this case. *See, e.g.*, Dkt. Nos. 136, 162.

2

Motions, the Court directed Plaintiff's counsel to ensure Mr. Lauro's participation in the November 19, 2015 hearing on the Motions [Dkt. No. 222], and it is evident from the record [Dkt. No. 232] that counsel complied with this order by both providing copies of the aforementioned Motions to Mr. Lauro and requesting that he arrange with counsel to appear either in person or telephonically at the hearing. It is equally evident that Mr. Lauro received counsel's communications and was aware that the Court had directed him to participate in the November 19 hearing. *See* Dkt. No. 232.

### A.   **Plaintiff's Failure to Appear at the November 19, 2015 Hearing**

On November 19, 2015, the Court held a hearing on Plaintiff's counsel's Motions. Dkt. No. 231. Despite Mr. Lauro's awareness of the Court's order directing him to participate in the hearing, Mr. Lauro did not appear at the hearing, nor did he contact counsel or the Court to arrange a telephonic appearance. In fact, the Court itself attempted to reach Mr. Lauro by telephone three times and by email prior to the hearing, but was unsuccessful. Dkt. No. 231. Mr. Lauro did not answer the telephone, did not return the Court's calls, and did not respond to the Court's email.

Based on the record before the Court, including the information conveyed to the Court by Plaintiff's counsel during the sealed portion of the November 19 hearing, the Court denied the Motion to Withdraw without prejudice. Dkt. No.

3

231. The Court also denied without prejudice the Motion to Continue Trial Date and to Extend Rule 16 Scheduling Order Deadlines, with the exception of briefly extending the deadline for one particular motion in limine. Dkt. No. 231.

In light of the events that had transpired, including a material change in circumstances that Plaintiff's counsel raised during the sealed portion of the hearing that would have likely affected the parties' settlement posture, the Court ordered all parties and their counsel to participate in a final mandatory settlement conference before Magistrate Judge Kurren on December 1, 2015 at 10:00 a.m. Dkt. Nos. 231, 233. The written order stated:

> All parties, including Mr. Lauro, are directed to personally appear at the settlement conference on December 1, 2015 at 10:00 a.m. Telephonic appearances are NOT acceptable.

Dkt. No. 233.

Given Mr. Lauro's failure to appear on November 19, as ordered, the Court's November 19 entering order expressly warned Mr. Lauro that his failure to appear on December 1 would result in the dismissal of his case:

> Mr. Lauro is notified that his failure to personally appear at the scheduled settlement conference before Magistrate Judge Kurren will be deemed a willful violation of a Court order. Having considered less drastic sanctions, as well as the stage and history of the proceedings, the Court hereby notifies Mr. Lauro that the failure to appear in person at the settlement conference on December 1, 2015 at 10:00 a.m. will result in the dismissal of his case without further notice.

> Plaintiff's counsel is instructed to immediately communicate the contents of the instant EO to Mr. Lauro by any available means, including by telephone, letter, and/or e-mail. The Court will do so as well.

Dkt. No. 233.

After issuing the order, the Court immediately called Mr. Lauro on November 19 and read verbatim the aforementioned order to him.  Mr. Lauro confirmed over the phone that he understood the order.  The Court also emailed Mr. Lauro a copy of the order at the address he provided.

### B. Plaintiff's Failure to Appear at the December 1, 2015 Mandatory Settlement Conference

On request of all counsel, this Court held a hearing and ruled on Defendants' Joint Motion in Limine No. 3 prior to the settlement conference, as they believed a ruling on the motion would be instructive to settlement discussions.  Dkt. No. 318. Defendants' Motion in Limine No. 3 related to excluding evidence of Dr. Steven DeWitt's October 2011 statements to the Hawaii Parole Board.  Dkt. No. 247.  The Court granted Defendants' Motion in Limine No. 3, thus adding another material change in circumstance relevant to the impending settlement conference.  Dkt. No. 318.

Notwithstanding the explicit directive of the Court's November 19, 2015 order, Mr. Lauro failed to appear at the December 1, 2015 settlement conference before Magistrate Judge Kurren.  Dkt. No. 319.  Plaintiff's counsel produced

5

emails showing that they notified Mr. Lauro of the mandatory conference and of this Court's entering order cautioning him that the failure to heed the Court's directive would jeopardize the continued viability of the case. Dkt. No. 319. Plaintiff's counsel also produced an email response from Mr. Lauro, indicating that he would appear in Court for trial, but for no other hearing, irrespective of what the Court had ordered. Dkt. No. 319. In an effort to rule out the possibility that he had been arrested for his parole violations, and was therefore unable to appear for the settlement conference, Magistrate Judge Kurren directed defense counsel to confirm whether Mr. Lauro was in state custody. Defense counsel then contacted Mr. Lauro's parole officer, who confirmed that Mr. Lauro had not been apprehended. Dkt. No. 319. To date, Mr. Lauro's precise whereabouts remain unknown because he has refused to provide that information to his own counsel or to the Court.

## **DISCUSSION**

District courts have the inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990). Because dismissal is a harsh penalty, the Court is cognizant that it should impose such a sanction only in

rare circumstances.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  This case presents such circumstances.

Before dismissing an action for failure to comply with a court order, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir. 1987)).  The Ninth Circuit has advised that "[t]hese factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Id.* (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).  Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances.

The instant case has been pending for three years.  To promote the expeditious resolution of litigation, the Court set a firm trial date of December 14, 2015 over the objection of all counsel, who wished to postpone trial into 2016.  Adhering to this trial date required Mr. Lauro, at minimum, to cooperate with his counsel.  Mr. Lauro assured Magistrate Judge Kurren that he was willing to do so at the August 10, 2015 hearing on his counsel's first Motion to Withdraw.  Dkt.

No. 169 at 6. Mr. Lauro reneged on this promise by refusing to personally meet with his counsel to prepare for trial, thus jeopardizing his counsel's ability to effectively represent him at trial. *See* Dkt. No. 232. Mr. Lauro's conduct also jeopardized the Court's ability to manage its docket and adhere to the December 14, 2015 trial date.

To address these issues, the Court ordered Mr. Lauro to participate in the November 19 hearing on his counsel's renewed Motion to Withdraw and Motion to Continue Trial. In violation of the Court's directive, Mr. Lauro did not participate in the hearing and did not otherwise make himself available by telephone. The Court attempted to reach Mr. Lauro by phone three times and by email prior to the hearing. Based on the record before the Court, including a material change in circumstance conveyed to the Court by Plaintiff's counsel during the sealed portion of the hearing, the Court found it prudent for all parties and their counsel to personally attend a final settlement conference before Magistrate Judge Kurren on December 1, 2015. The Court made it abundantly clear that Mr. Lauro's presence was required, and that his failure to attend would be deemed "a willful violation of a Court order" and "result in the dismissal of his case without further notice." Dkt. No. 233. The Court not only sent the order to Mr. Lauro by email, but also read the entirety of the written order to him verbatim

over the phone on November 19, 2015 when the Court was finally able to successfully reach him.

Mr. Lauro's failure to appear at the December 1, 2015 settlement conference, a conference critical to the potential resolution of the case prior to trial, demonstrates a willful violation of the Court's November 19, 2015 order. Mr. Lauro had actual notice of the mandatory settlement conference, and the consequences of failing to abide by that notice, yet he deliberately absented himself. Moreover, Mr. Lauro's email communications indicate that he will not attend *any* pretrial hearing, whatever the Court may order. Dkt. No. 319.

Mr. Lauro's willful and deliberate violations of the Court's orders run afoul of the public's interest in expeditious resolution of litigation and impede the Court's ability to manage its docket. Defendants complied with the Court's November 19, 2015 order by attending the December 1, 2015 settlement conference in good faith, only to have Mr. Lauro fail to appear. Mr. Lauro's absence prejudiced the Defendants' ability to potentially settle the case before trial and bring the case to a timely resolution. *See Malone*, 833 F.2d at 131 (finding that the plaintiff's "dilatory conduct greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule").

The Court is acutely aware of the medical hardships that Mr. Lauro has suffered and continues to suffer. *See* Dkt. No. 232. Under the circumstances,

however, Mr. Lauro's medical hardships do not excuse his lack of compliance with Court orders.  The Court finds that Mr. Lauro's actions demonstrate a defiance of the judicial process.  In light of the circumstances, including Mr. Lauro's email communications making clear that he will not attend any Court proceedings other than trial, the Court determines that dismissal is the only appropriate sanction.  To be clear, the Court has considered the full panoply of less drastic sanctions, including monetary and evidentiary sanctions, but concludes that dismissal is warranted based upon Mr. Lauro's willful conduct in violation of specific Court orders.   *See Malone*, 833 F.2d at 132 (upholding dismissal as a sanction for violation of a court order "where the plaintiff has purposefully and defiantly violated a court order").  "A plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order." *Id.* at 133.

The Court acknowledges that public policy favors disposing of cases on their merits.  Indeed, the Court managed this case, attempting to do just that.  However, because four of the factors heavily favor dismissal, this lone factor is outweighed. *See id.* at 133 n.2.  Mr. Lauro had actual notice that his failure to comply with the Court's November 19, 2015 order would result in the dismissal of this action.  Yet he consciously chose not to appear, apparently indifferent to seeing this case to the end.  Mr. Lauro continuously and knowingly impeded the orderly administration of justice, which the Court will no longer countenance.

## **CONCLUSION**

For the foregoing reasons, the Court DISMISSES this action, and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: December 3, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Lauro v. State of Hawaii, et al.; CV 12-00637 DKW-BMK; ORDER DISMISSING CASE