IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| THOMAS LAURO, #A0153221, | ) | CIV. NO. 12-00637 DKW-RT |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |
| vs. | ) ) | |
| STATE OF HAWAII DEP'T OF PUBLIC SAFETY, | ) ) ) | |
| Defendants. | ) ) | |

Before the Court is Plaintiff Thomas Lauro's Motion for Relief From Judgement or Order, Rule 60, Fraud on the Court, Obstruction of Justice, Fraudulent Misrepresentation ("Motion"), brought pursuant to Federal Rule of Civil Procedure 60(b). Mot., ECF No. 356.[1] Plaintiff seeks relief from the December 3, 2015 dismissal of this action with prejudice, ECF No. 321, so that he may pursue his claims anew.[2] For the following reasons, Plaintiff's Motion is DENIED.

---

[1] The Court refers to the pagination assigned to documents by the U.S. Judiciary's Case Management/Electronic Case Filing system ("CM/ECF").

[2] Indeed, in addition to his efforts here, Plaintiff has also commenced a new action re-alleging the dismissed claims in this case and has been ordered to show cause why that action should not be dismissed as barred by the doctrine of res judicata. *See Lauro v. Dep't of Public Safety, et al.*, Civ. No. 19-00585 DKW-KJM (D. Haw.); Order, ECF No. 8.

# I. BACKGROUND

On November 7, 2012, Plaintiff, represented by counsel, filed this suit in the Circuit Court of the First Circuit, State of Hawaii ("state circuit court"). *See* ECF No. 1-1 (original Complaint). Plaintiff alleged that Defendants the Department of Public Safety ("DPS"), the Halawa and Waiawa Correctional Facilities ("HCF" and "WCF," respectively), Dr. Sisar Paderes, Dr. Steven DeWitt, and Doe Defendants 1-100 violated state and federal law when they denied him adequate medical care during his incarceration at HCF and WCF in 2011 and 2012. Am. Compl., ECF No. 114 (operative complaint). Plaintiff claimed that this alleged denial of adequate medical care resulted in injuries from which he still suffers.

Defendants removed the case to the federal court on November 29, 2012. Notice of Removal, ECF No. 1. Extensive litigation followed for the next several years, including discovery, stipulations to continue trial and other deadlines, substitutions of counsel, motions, status conferences, and settlement negotiations.

On or about August 20, 2015, Plaintiff was released on parole. *See* Green Decl., ECF No. 218-1, ¶¶ 6-8.

On or about September 29, 2015, Plaintiff violated the terms and conditions of his parole. *Id.* Plaintiff's attorneys thereafter had limited contact with Plaintiff. A hearing was set for November 19, 2015, on Plaintiff's counsel, Michael J. Green,

Esq.'s, Motion to Withdraw as Counsel for Plaintiff and Motion to Continue Trial Date and to Extend Rule 16 Scheduling Deadlines. ECF No. 223.

On November 15, 2015, Plaintiff emailed the Court and all parties his email contact and telephone number. ECF No. 232-2. Mr. Green notified Plaintiff by email that he was required to be present at the November 19, 2015 hearing, although he could appear by telephone.

On November 19, 2015, Plaintiff did not appear, and the Court unsuccessfully attempted to reach Plaintiff three times by telephone and by email. The Court held the sealed hearing without Plaintiff, then denied the Motion to Continue Trial Date and to Extend Rule 16 Scheduling Order Deadlines without prejudice. ECF No. 231. The Court ordered all parties and counsel to appear in person for a further settlement conference on December 1, 2015 before the presiding magistrate judge. *Id.*; *see also* Order, ECF No. 233. The Court explicitly notified Plaintiff that:

> his failure to personally appear at the scheduled settlement conference . . . will be deemed a willful violation of a Court order. Having considered less drastic sanctions, as well as the stage and history of the proceedings, the Court hereby notifies Mr. Lauro that the failure to appear in person at the settlement conference on December 1, 2015 at 10:00 a.m. will result in the dismissal of his case without further notice.

3

ECF No. 233. The Court instructed Mr. Green to communicate this Order to Plaintiff by "any available means, including by telephone, letter, and/or email," and noted that the Court would do the same. *Id.* The parties continued filing motions and preparing for the trial that was scheduled for December 14, 2015.

On December 1, 2015, when Plaintiff failed to appear at the court-ordered mandatory settlement conference, the conference was canceled. *See* ECF No. 319. Mr. Green produced emails showing that Plaintiff was notified of the conference, but had responded that he would not appear at Court until trial in defiance of the Court's order. Defendants confirmed that Plaintiff was not in state custody.

On December 3, 2015, the Court dismissed this action, finding that Plaintiff's continuous, willful, and deliberate conduct in failing to cooperate with his counsel or comply with court orders, particularly his failure to personally appear at the settlement conference when explicitly ordered to do so by the Court, "impeded the orderly administration of justice." Order, ECF No. 321 at 4103. After carefully considering the factors set forth in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006), the Court determined that dismissal, although a harsh sanction, was warranted pursuant to Fed. R. Civ. P. 41(b).

Mr. Green timely filed a notice of appeal, ECF No. 324, and the Court of Appeals for the Ninth Circuit thereafter granted his motion to withdraw as counsel of record. *See Lauro v. State*, App. No. 15-17457 (9th Cir.), Dkt. 9. The appellate court notified Plaintiff that he was "now representing himself," and sent Plaintiff a copy of the order via U.S. Postal Service to his address of record and by email. *Id.*

On May 5, 2016, the Ninth Circuit issued its mandate dismissing Plaintiff's appeal for his failure to file an opening brief or motion for extension of time to do so. *See* ECF No. 341; App. No. 15-17457, Dkt. 17.

On June 27, 2019, Plaintiff was arrested for allegedly violating the terms and conditions of his parole. *See* Mot., ECF No. 356 at 4588. On July 31, 2019, Plaintiff began filing documents herein in an attempt to reopen this case.[3]

On October 15, 2019, the Court denied Plaintiff's motions and requests. Order, ECF No. 353. The Court informed Plaintiff that, to the extent he was complaining of his current conditions of confinement at HCF, he may file a new, separate civil rights action, and to the extent he complained of fraud on the state

---

[3] *See, e.g.,* ECF Nos. 342 (dated July 19, 2019, discussing Plaintiff's state petition for post-conviction relief alleging fraud on the state court); 343 (dated Sept. 5, 2019, stating Plaintiff's parole was recently revoked, seeking advice on how to reopen this case); 344 (declaration dated Sept. 9, 2019); 347-49 (motions and letter received Oct. 3, 2019); 348-52 (motions, letters, and requests received Oct. 7, 2019); 354 (motion received Oct. 9, 2019).

court by his state criminal defense attorney and/or others, he could file a petition for writ of habeas corpus.

On November 12, 2019, Plaintiff filed the present Motion pursuant to Rule 60(b). ECF No. 356.

## II. **RULE 60(b)**

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff apparently seeks relief under subsection (3), based on his allegation of fraud on the court, and possibly, under subsection (6). *See* Mot., ECF No. 356.

Mere disagreement with a court's analysis is an insufficient basis for relief pursuant to Fed. R. Civ. P. 60(b). *Sierra Club v. City and Cty. of Honolulu*, 486 F. Supp.2d 1185, 1188 (D. Haw. 2007) (citing *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005)). The decision to grant relief pursuant to Rule 60(b) is committed to the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### III. DISCUSSION

Plaintiff alleges that his state criminal sentence was obtained by the fraudulent misrepresentation of his criminal defense attorney, Myles Breiner, Esq., who allegedly informed the state court that Plaintiff agreed to a five-year term of incarceration at a July 10, 2013 sentencing proceeding. Mot., ECF No. 356. Plaintiff was present at this proceeding. He now alleges that Breiner, ex-Honolulu Police Chief Louis Kealoha, his wife, ex-Honolulu City and County ("C&C") prosecutor Katherine Kealoha, Honolulu C&C prosecutor Myles Miyashiro, and state circuit court Judge Dexter Del Rosario "knew or should have known" that Plaintiff would never agree to a five-year sentence, when he was convicted of the theft of less than $300 worth of clothing, in an incident that did not involve violence or injury to another. *Id.* at 4579-80.

Plaintiff concludes that Breiner, the Kealohas, Miyashiro, and Judge Del Rosario knew that sentencing him to a five-year term would negatively impact settlement negotiations in *this* action, which had been filed approximately eight months earlier in the state circuit court.

Plaintiff says that he did not attend the December 1, 2015 settlement conference because he knew that he would be arrested and re-incarcerated for the remainder of his allegedly illegal five-year sentence. He asserts that, *if* this case had gone to trial while he was in prison, the jury would have been prejudiced against him by seeing him shackled and in a prison uniform, and he would not have obtained a fair judgment. He argues that, because the sentence was illegally obtained through fraud and misrepresentation to the state court, he was within his rights to defy this Court's order and fail to appear at the December 1, 2015 settlement conference. *Id.* at 4592-93.

**A.    Relief Under Rule 60(b)(3) is Unavailable**

To the extent that Plaintiff seeks relief from judgment under Rule 60(b)(3), based on an alleged fraud on the court, his Motion is untimely. A motion under Rule 60(b)(3) for fraud on the court must be raised "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *Jones v. Hawaii Residency Programs, Inc.*, 2017 WL 2974927, at *2 (D.

Haw. July 12, 2017), *aff'd*, 727 F. App'x 423 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1330 (2019). Because Plaintiff waited nearly four years after this action was dismissed before seeking relief from judgment, the Court lacks jurisdiction to consider this Motion. *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (holding the district court lacks jurisdiction to consider an untimely motion to set aside a judgment).

Moreover, Plaintiff fails to adequately explain how an alleged fraud on the state court in 2013, that Plaintiff was aware of long before this action was dismissed, constitutes a fraud on *this* Court or alters this Court's decision that Plaintiff's failure to comply with court orders was wilful and deliberate and justified dismissal of this action.

To prevail on a motion filed pursuant to Fed. R. Civ. P. 60(b)(3), the moving party must prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct and that the conduct complained of prevented the losing party from fully and fairly presenting its side of the case. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). Plaintiff presents *no* evidence that Defendants in this case committed a fraud on this Court that resulted in Plaintiff's failure to attend the December 1, 2015 settlement conference. Rather, it is clear that Plaintiff's own misconduct in violating the

9

terms and conditions of his parole placed him in a position where he was subject to arrest if he appeared at the conference. Additionally, had Plaintiff complied with the conditions of parole, he would have been a free individual during settlement negotiations and trial, without any apparent prejudice to his case before the jury.

Further, Rule 60(b)(3) requires that the evidence of fraud be previously undiscoverable by due diligence before or during the proceedings. *Casey*, 362 F.3d at 1260. Plaintiff was aware of the alleged fraud at the state circuit court, which allegedly influenced the outcome of this case, since July 10, 2013.

There is no basis for finding that Defendants engaged in fraud upon this Court, or upon the state court, that prevented Plaintiff from prosecuting this case. Thus, there is no evidence that the December 3, 2015 judgment against Plaintiff was unfairly obtained by fraud on the Court.

**B.     Relief Under Rule 60(b)(6) is Unavailable**

To the extent that Plaintiff seeks relief from judgment under Rule 60(b)(6), the "catchall provision" that applies when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60, his Motion also fails. *See United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds*, 593 F.3d 790 (9th Cir. 2010). Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized

only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted).

To reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id.* (internal quotation marks omitted). A motion under Rule 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). While "a reasonable time" is not defined within Rule 60(b), courts have found that a Rule 60(b) motion is untimely if it is filed after two years, particularly when the motion is filed after an appeal has been denied. *See Spangler v. United States*, 2019 WL 2716227 (W.D. Wash. June 28, 2019) (citing *United States v. Washington*, 20 F.Supp.3d 899, 924 (W.D. Wash. Sep. 2, 2008) (citing cases)).

Nearly four years have passed since judgment was entered in this case and more than three years since Plaintiff's appeal was dismissed. Yet Plaintiff provides no explanation why he was unable to raise this motion during that time. Clearly, this Motion was not made within a reasonable time, particularly when the alleged facts underlying it were known to Plaintiff in 2013, even before this action was dismissed and before Judgment entered. Nor does Plaintiff assert any extraordinary circumstances that merit relief pursuant to Fed. R. Civ. P. 60(b)(6).

Latshaw v. Trainer Worthaw & Co., 452 F.3d 1097, 1103-04 (9th Cir. 2006); *Jones*, 2017 WL 2974927, at *5.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief From Judgement or Order, Rule 60, Fraud on the Court, Obstruction of Justice, Fraudulent Misrepresentation is DENIED.

IT IS SO ORDERED.

DATED: December 4, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Thomas Lauro v. State of Hawaii Dept of Public Safety*, Civil No. 12-00637 DKW-RT; **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

*Lauro v. State, et al.*, No. 1:12-cv-00637  DKW-RT; recon '19 lauro 12-637 dkw (dny R60(b) untimely)